BOB COMPTON V. THE STATE.

No. 20,590. Delivered January 17, 1940.

The opinion states the case.

*Scarborough & Ely,* of Abilene, and *James A. Stephens,* of Benjamin, for appellant.

*J. R. Black,* District Attorney, of Abilene, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

Appellant was charged with theft of six head of cattle belonging to W. N. Ellerd. In October, 1938, Mr. Ellerd worked for T. W. Lee on the Compton ranch in Shackelford County. He had the care, management and control of Mr. Lee's cattle. During the month mentioned, according to the testimony of Mr. Ellerd, several head of the Lee cattle were taken from his possession, which he later recovered from a ranch owned by appellant's mother, which was not far distant from Mr. Lee's ranch. The brands on the cattle had been changed. Appel-

lant, his mother and brother, lived on the ranch from which the cattle were recovered. A witness for the State testified to having seen appellant driving several head of cattle on the ranch of his mother. He testified, further, that he later saw one of these animals. It was shown in the testimony of the State that this animal belonged to Mr. Lee. Testifying in his own behalf, appellant stated that he had no knowledge that any of the Lee cattle were in his mother's pasture. In short, his testimony constituted a denial that he had any connection whatever with the taking or receiving of said cattle. .

In view of the disposition we make of the case we pretermit discussion of the sufficiency of the evidence.

It appears from bill of exception No. 6 that Mrs. Compton, appellant's mother, had been placed in jail after Mr. Lee's cattle had been discovered on her ranch. During the progress of the trial she was placed upon the stand by appellant and testified in his behalf. Upon cross-examination by the district attorney she was required to testify, over appellant's proper objection, that officers told her at the time they placed her in jail that they found some of Mr. Green's cattle on her ranch at the time Mr. Lee's cattle were recovered, and that the brands on the cattle of Mr. Green had been changed. The bill of exception is qualified to show that no reference was made in the testimony adduced upon the trial to the Green cattle save through the cross-examination of Mrs. Compton by the district attorney, as shown in the bill of exception. In short, it was not shown that Mr. Green had lost any cattle. Furthermore, it was not shown that the Green cattle referred to in the bill of exception were stolen cattle. The testimony in question was inadmissible on two grounds. In the first place, it was purely hearsay. Appellant was not present when the officers made the statement to the witness. In the second place, it was not shown that Mr. Green's cattle were stolen. Hence there is nothing to indicate that appellant was guilty of the theft of the Green cattle. The jury might have concluded that the mere finding of the Green cattle on the ranch of the mother of the appellant was sufficient to show that he had stolen same.

It appears from bill of exception number eight that the State placed on the witness stand one Arthur Fite, who had testified before the grand jury concerning the identity of one of the Lee cattle which had been discovered upon the ranch of appellant's mother. Upon taking the witness stand in the trial of the case this witness failed to give the testimony that he had given before the grand jury. In short, he failed to give

testimony to make out the State's case, in that he was not positive in his identification of the animal in question, whereas when he testified before the grand jury he appears to have been positive in his identification of said animal. After the witness had given his testimony upon the trial the State pleaded surprise, and, according to the qualification appended to the bill of exception, it was on the ground of surprise that the court permitted the State to produce a statement of the testimony of the witness given before the grand jury and question the witness concerning same in an effort to impeach him. We think this bill of exception reflects reversible error. In Branch's Ann. P. C., Sec. 164, it is said: "It is error to permit the State to impeach her own witness where such witness merely fails to remember, or refuses to testify, or fails to make out the State's case. A mere failure to make proof is no ground for impeaching such witness."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.